2018 WI 77

# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP1365 |
| COMPLETE TITLE: | Wisconsin Department of Workforce Development, Plaintiff-Respondent-Petitioner, v. Wisconsin Labor and Industry Review Commission, Defendant-Appellant, Valarie Beres and Mequon Jewish Campus, Inc., Defendants. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
Reported at 375 Wis. 2d 183, 895 N.W.2d 77
PDC No: 2017 WI App 29 - Published

| | |
|---|---|
| OPINION FILED: | June 26, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | December 1, 2017 |

| SOURCE OF APPEAL: | |
|---|---|
| COURT: | Circuit |
| COUNTY: | Ozaukee |
| JUDGE: | Sandy A. Williams |

| JUSTICES: | |
|---|---|
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the plaintiff-respondent-petitioner, there were briefs filed by *Ryan J. Walsh*, chief deputy solicitor general, *Brad D. Schimel*, attorney general, *Misha Tseytlin*, solicitor general, and *Kevin M. LeRoy*, deputy solicitor general. There was an oral argument by *Ryan Walsh*.

For the defendant-appellant, there was a brief filed by *Jeffrey J. Shampo* and *Wisconsin Labor and Industry Review Commission*, Madison. There was an oral argument by *Jeffrey J. Shampo*.

There was an amicus curiae brief filed on behalf of Wisconsin Institute for Law & Liberty, Inc. by *Thomas C. Kamenick*, *Richard M. Esenberg*, and *Wisconsin Institute for Law & Liberty, Inc.*, Milwaukee.

**2018 WI 77**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP1365
(L.C. No. 2015CV358)

STATE OF WISCONSIN : IN SUPREME COURT

**Wisconsin Department of Workforce Development,**

      **Plaintiff-Respondent-Petitioner,**

    **v.**

**Wisconsin Labor and Industry Review Commission,**

      **Defendant-Appellant,**

**Valarie Beres and Mequon Jewish Campus, Inc.,**

      **Defendants.**

**FILED**

**JUN 26, 2018**

Sheila T. Reiff
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Reversed.*

¶1 SHIRLEY S. ABRAHAMSON, J. Valerie Beres was denied unemployment compensation benefits on the ground that she was terminated for engaging in "misconduct" as an employee, namely absenteeism, as defined by Wis. Stat. § 108.04(5)(e) (2015-16).[1]

---

[1] All subsequent references to the Wisconsin Statutes are to the 2015-16 version unless otherwise indicated.

The governing statute, Wis. Stat. § 108.04(5)(e), reads as follows:

(continued)

The statute sets forth the circumstances in which absenteeism will constitute "misconduct" barring unemployment compensation benefits.

¶2 The Ozaukee County Circuit Court, Sandy A. Williams, Judge, adopted the position of the Department of Workforce Development that the plain language of Wis. Stat. § 108.04(5)(e) allows an employer to adopt its own rules regarding employee absenteeism; that the employer's absenteeism rules need not be consistent with the statute's definition of "misconduct" based on absenteeism; and that an employee's violation of the

---

Sec. 108.04. Eligibility for benefits.

. . . .

(5) Discharge for misconduct. An employee whose work is terminated by an employing unit for misconduct by the employee . . . is ineligible to receive benefits . . . . "[M]isconduct" includes:

. . . .

(e) Absenteeism by an employee on more than 2 occasions within the 120-day period before the date of the employee's termination, unless otherwise specified by his or her employer in an employment manual of which the employee has acknowledged receipt with his or her signature, or excessive tardiness by an employee in violation of a policy of the employer that has been communicated to the employee, if the employee does not provide to his or her employer both notice and one or more valid reasons for the absenteeism or tardiness.

Wis. Stat. § 108.04(5)(e) (emphasis added).

2

employer's absenteeism rules constitutes "misconduct" under § 108.04(5)(e) barring unemployment compensation benefits.[2]

¶3  In contrast, the court of appeals concluded that an employee who is terminated for violating an employer's absenteeism rules is not barred from obtaining unemployment compensation benefits unless the employee's conduct violates the statutory definition of "misconduct" based on absenteeism.[3]  The court of appeals also concluded that an employee cannot be denied unemployment compensation benefits for violating an employer's absenteeism policy that is "stricter" than the absenteeism policy set forth in the statute.

¶4  The single issue presented to the court is as follows: Does Wis. Stat. § 108.04(5)(e) allow an employer to adopt an attendance or absenteeism policy that differs from that set forth in § 108.04(5)(e) such that termination of an employee for violating the employer's policy results in disqualification for

---

[2] No one disputes that the employer's absenteeism policy in the instant case was contained in an employment manual of which the employee has acknowledged receipt with her signature as required by the statute.

[3] DWD v. LIRC, 2017 WI App 29, 375 Wis. 2d 183, 895 N.W.2d 77.

unemployment compensation benefits even if the employer's policy is more restrictive on the employee?[4]

¶5 We conclude that the plain language of Wis. Stat. § 108.04(5)(e) allows an employer to adopt its own absenteeism policy that differs from the policy set forth in § 108.04(5)(e), and that termination for the violation of the employer's absenteeism policy will result in disqualification from receiving unemployment compensation benefits even if the employer's policy is more restrictive than the absenteeism policy set forth in the statute. Beres was terminated for not complying with her employer's absenteeism policy. Accordingly, we conclude that Beres was properly denied benefits.

I

---

[4] Because resolving this issue implicates the authoritativeness of an administrative agency's interpretation and application of a statute, we asked the parties to address the following issue: "Does the practice of deferring to agency interpretations of statutes comport with Article VII, Section 2 of the Wisconsin Constitution, which vests the judicial power in the unified court system?"

We heard arguments in the instant case on the same day that we heard Tetra Tech EC, Inc. v. Department of Revenue, 2018 WI 75, ___ Wis. 2d ___, ___ N.W.2d ___. The Tetra Tech court decided to end the practice of deferring to administrative agencies' conclusions of law. However, the Tetra Tech court also said that, pursuant to Wis. Stat. § 227.57(10), courts will give "due weight" to an administrative agency's experience, technical competence, and specialized knowledge as the court considers the agency's arguments. The court's Tetra Tech opinion contains our analysis of the deference issue, which we incorporate and apply in the instant case.

¶6 For purposes of deciding the issue presented, the facts are brief and undisputed. Valerie Beres, a registered nurse, was employed by Mequon Jewish Campus. Beres had signed her employer's written attendance policy providing that an employee in his or her probationary period may have his or her employment terminated if, in a single instance, the employee does not give the employer advance notice of an absence. The employer's policy was that an employee must "call in 2 hours ahead of time" if the employee was unable to work his or her shift.

¶7 In the instant case, Beres was in her 90-day probationary period when she did not come to work due to "flu-like symptoms." She did not communicate with her employer two hours prior to the beginning of her shift to inform her employer that she was sick and that she was unable to work her shift. Beres's employer terminated her employment three days later because of her violation of the employer's absenteeism policy.

¶8 Beres filed for unemployment compensation benefits. The Department of Workforce Development (DWD) denied benefits on the ground that when Beres violated her employer's written "No Call No Show" attendance policy, she committed "misconduct" under Wis. Stat. § 108.04(5)(e). This statutory provision addresses when absenteeism constitutes "misconduct" disqualifying a terminated employee from obtaining unemployment compensation benefits.

¶9 Beres appealed DWD's decision to the Labor and Industry Review Commission (LIRC). LIRC reversed the decision

5

of DWD, concluding that an employee is not disqualified from obtaining unemployment compensation benefits when the employee is terminated for violating an employer's absenteeism policy if that policy is more restrictive than the "2 in 120" day standard provided by Wis. Stat. § 108.04(5)(e).  LIRC determined that Beres did not commit "misconduct" because although she violated her employer's "stricter" absenteeism policy, she did not violate the "2 in 120" day statutory standard.  Accordingly, LIRC held that Beres was entitled to unemployment compensation benefits.  DWD appealed to the circuit court.

¶10  The circuit court reversed LIRC's decision, adopting DWD's interpretation of Wis. Stat. § 108.04(5)(e):  An employer may, in a written employment manual signed by the employee, set forth its own policy regarding absenteeism, and a violation of the employer's policy constitutes "misconduct" under the statute resulting in a terminated employee's disqualification from obtaining unemployment compensation benefits.  In the instant case, the employer's policy (of which Beres acknowledged receipt with her signature) was that during an employee's probationary period, a single instance of an employee's absence without notification to the employer would result in termination.  In other words, the employer commanded that a single "No Call No Show" would result in termination.  According to the circuit court, under § 108.04(5)(e), termination for violating the employer's absenteeism policy is termination for "misconduct" and renders the terminated employee ineligible for unemployment compensation benefits.

6

¶11 LIRC appealed to the court of appeals. The court of appeals adopted LIRC's interpretation of Wis. Stat. § 108.04(5)(e), holding that an employee is not disqualified from obtaining unemployment compensation benefits when the employee violates an employer's absenteeism policy if that policy is "stricter" than the "2 in 120" day standard provided by § 108.04(5)(e). The court of appeals concluded that Beres did not commit "misconduct" because although she violated her employer's "stricter" absenteeism policy, she did not violate the "2 in 120" day standard under the statute.

II

¶12 The instant case requires this court to determine the validity of LIRC's order interpreting and applying Wis. Stat. § 108.04(5)(e). The court may set aside an order of LIRC if LIRC acted "without or in excess of its powers." Wis. Stat. § 108.09(7)(c)6.a. It is the province and duty of the judiciary to say what the law is.[5] Because we determine that LIRC based its order on an incorrect interpretation of § 108.04(5)(e), we conclude that LIRC acted without or in excess of its powers.

¶13 In contrast to LIRC's interpretation of the statute, we conclude that the text of Wis. Stat. § 108.04(5)(e) plainly allows an employer to adopt its own attendance (or absenteeism) policy that differs from the policy set forth in § 108.04(5)(e), and termination for the violation of the employer's policy will

---

[5] State v. Williams, 2012 WI 59, ¶36, 341 Wis. 2d 191, 814 N.W.2d 460 (citing Marbury v. Madison, 5 U.S. 137, 177 (1803)).

7

result in disqualification from receiving unemployment compensation benefits even if the employer's policy is more restrictive than the policy set forth in the statute.

III

¶14 The governing statute is Wis. Stat. § 108.04(5)(e). It states that "misconduct" includes an employee's absenteeism if the employee is absent on more than 2 occasions within a described 120-day period "unless otherwise specified by his or her employer in an employment manual of which the employee has acknowledged receipt with his or her signature." Wis. Stat. § 108.04(5)(e). The governing statute reads as follows:

> Sec. 108.04. Eligibility for benefits.
>
> . . . .
>
> (5) Discharge for misconduct. An employee whose work is terminated by an employing unit for misconduct by the employee . . . is ineligible to receive benefits . . . . "[M]isconduct" includes:
>
> . . . .
>
> (e) Absenteeism by an employee on more than 2 occasions within the 120-day period before the date of the employee's termination, <u>unless otherwise specified by his or her employer in an employment manual of which the employee has acknowledged receipt with his or her signature</u>, or excessive tardiness by an employee in violation of a policy of the employer that has been communicated to the employee, if the employee does not provide to his or her employer both notice and one or more valid reasons for the absenteeism or tardiness.

Wis. Stat. § 108.04(5)(e) (emphasis added). The key language, the meaning of which the parties dispute, is the "unless" clause emphasized above.

8

¶15  The statute is written in ordinary English and creates a simple framework.  The text of Wis. Stat. § 108.04(5)(e) has three main clauses relating to absenteeism.  Only the first two clauses are relevant in the instant case.

¶16  First, the statute defines "misconduct" as including absenteeism:  "[M]isconduct includes: . . . [a]bsenteeism by an employee on more than 2 occasions within the 120-day period before the date of the employee's termination."  Wis. Stat. § 108.04(5)(e).

¶17  Second, the statute sets forth an "unless" clause in defining "misconduct," including absenteeism.

¶18  The word "unless" is an ordinary word in everyday language.  A helpful, but not dispositive, canon of statutory interpretation is that words in a statute that have a common meaning retain that common meaning in the statute.  Wis. Stat. § 990.01(1); Bruno v. Milwaukee County, 2003 WI 28, ¶¶8, 20, 260 Wis. 2d 633, 660 N.W.2d 656 (cited with approval in State ex rel. Kalal v. Circuit Court, 2004 WI 58, ¶45,  271 Wis. 2d 633, 681 N.W.2d 110).

¶19  The word "unless" ordinarily means "except if." Replacing the word "unless" with the words "except if" where the word "unless" appears in the statute may run into grammatical issues, but it helps make the meaning of the statute clear:  An employee commits statutory "misconduct" by absenteeism if he or she is absent on more than two occasions within the 120-day period before the date of the employee's termination, except if the employee violates his or her employer's absenteeism policy

9

that is specified "in an employment manual of which the employee has acknowledged receipt with his or her signature." This reading of the statute makes clear that an employer can opt out of the statutory definition of "misconduct" by absenteeism and set its own absenteeism policy, the violation of which will constitute statutory "misconduct."

¶20 We can further test whether the word "unless" in Wis. Stat. § 108.04(5)(e) means "except if" by replacing the word "unless" used elsewhere in the statute with the words "except if." A general rule of interpretation is that the same word used several times in a statute has the same meaning every time it is used. Bank Mut. v. S.J. Boyer Const., Inc., 2010 WI 74, ¶31, 326 Wis. 2d 521, 785 N.W.2d 462 ("When the same term is used throughout a chapter of the statutes, it is a reasonable deduction that the legislature intended that the term possess an identical meaning each time it appears.").

¶21 For example, under Wis. Stat. § 108.04(5)(f), an employee's falsifying business records of the employer is "misconduct" "[u]nless" the falsification is "directed by an employee's employer." This provision can be restated to say that an employee commits "misconduct" when he or she falsifies a business record "except if" the employee is directed to do so by his or her employer. The word "unless" can also be replaced by the words "except if" in § 108.04(5)(g). We therefore conclude that the word "unless" in § 108.04(5) means "except if." See Bank Mut., 326 Wis. 2d 521, ¶31.

10

¶22 As an alternative argument, LIRC contends that Wis. Stat. § 108.04(5)(e) disqualifies a former employee from obtaining unemployment compensation benefits only when the employee violates both the statutory "2 in 120" standard and an employer's absenteeism policy. This argument fails because it rewrites the statute by striking and replacing the word "unless" in the text of the statute with the word "and." These two words are not synonymous with one another. Neither LIRC nor this court can rewrite this statute to replace the word "unless" with the word "and."

* * * *

¶23 We conclude that the word "unless" in the "unless otherwise specified" clause of Wis. Stat. § 108.04(5)(e) means that an employee will be considered to have been terminated for "misconduct," and thus disqualified from obtaining unemployment compensation benefits, if the employee violates the statutory definition of absenteeism, except if the employee adheres to the employer's absenteeism policy specified in the employment manual of which the employee acknowledged receipt with his or her signature in accordance with the statute.

¶24 In the instant case, Beres's employer has an absenteeism policy specified in its employment manual. Beres acknowledged receipt of this policy in the employment manual with her signature. Beres violated the employer's policy when she missed an entire shift without providing her employer notice of the absenteeism. Under these circumstances, Beres's violation of her employer's written absenteeism policy

11

constituted "misconduct" by absenteeism under Wis. Stat. § 108.04(5)(e), and Beres was properly denied the benefits at issue.

¶25 For the reasons set forth, we reverse the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is reversed.