2024 WI App 48

# COURT OF APPEALS
# DECISION
# DATED AND FILED

## July 11, 2024

**Samuel A. Christensen**
**Clerk of Court of Appeals**

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2024AP165**

**STATE OF WISCONSIN**

Cir. Ct. No. 2022CV2446

**IN COURT OF APPEALS**
**DISTRICT IV**

RISE, INC. AND JASON RIVERA,

   PLAINTIFFS-RESPONDENTS,

V.

WISCONSIN ELECTIONS COMMISSION; MARIBETH WITZEL-BEHL, CITY CLERK FOR THE CITY OF MADISON, WISCONSIN; TARA MCMENAMIN, CITY CLERK FOR CITY OF RACINE, WISCONSIN; AND CELESTINE JEFFREYS, CITY CLERK FOR THE CITY OF GREEN BAY, WISCONSIN,

   DEFENDANTS,

WISCONSIN STATE LEGISLATURE,

   INTERVENOR-APPELLANT.

APPEAL from an order of the circuit court for Dane County: RYAN D. NILSESTUEN, Judge. *Affirmed in part; reversed in part and cause remanded with directions.*

Before Blanchard, Graham, and Taylor, JJ.

¶1 TAYLOR, J. For more than a century, Wisconsin voters have been statutorily permitted to cast absentee ballots in some form in elections.[1] Wisconsin's current absentee voting laws require absentee ballots to be witnessed. WIS. STAT. § 6.87(4)(b)1. (2021-22).[2] The witness must complete a certificate on the absentee ballot envelope by providing, among other things, their "address." Sec. 6.87(2). An absentee ballot certificate missing the address of a witness may not be counted. Sec. 6.87(6d). Municipal clerks who receive an absentee ballot with an improperly completed certificate may return the ballot to the voter so that the voter can correct the defect and return the ballot within the appropriate time. Sec. 6.87(9).

¶2 The word "address," as used in relation to absentee ballot witness requirements in WIS. STAT. § 6.87, is not specifically defined in § 6.87 or elsewhere in the statutes governing elections, WIS. STAT. chs. 5 to 12, and, prior to this case, it has not been interpreted by Wisconsin courts. The circuit court declared that the word "address" as used in § 6.87 regarding an absentee ballot witness's address means "a place where the witness may be communicated with"

---

[1] Wisconsin statutes use the term "elector," rather than the more commonly used term "voter." For the purposes of this opinion, we treat these terms synonymously and use the more common term "voter."

[2] All references to the Wisconsin statutes are to the 2021-22 version unless otherwise noted.

and that a witness's address complies with § 6.87's requirements if "the face of the certificate contains sufficient information to allow a reasonable person in the community to identify a location where the witness may be communicated with." On appeal, the Wisconsin State Legislature (when referred to as a party in this case, "the Legislature") argues that the court erred in adopting this definition of address and that we should vacate the circuit court's judgment without interpreting the word "address." In the alternative, the Legislature argues that, should this court adopt a definition of the word "address," the word "is best understood as a witness'[s] street number, street name and municipality."

¶3      We affirm the portion of the circuit court's order declaring that the word "address" in WIS. STAT. § 6.87 in relation to an absentee ballot witness means "a place where the witness may be communicated with." However, we conclude that the standard for applying the definition of "address" must be viewed from the perspective of the municipal clerk, in the reasonable performance of the clerk's duties, rather than from the perspective of a "reasonable person in the community" as adopted by the circuit court. Accordingly, we reverse the circuit court's decision to the extent that it adopted the "reasonable person in the community" standard and remand for the court to enter an amended declaratory judgment and injunction consistent with this opinion.

**BACKGROUND**

**I.  Absentee Voting in Wisconsin**

¶4      In Wisconsin, the earliest comprehensive electoral absentee voting law was enacted in 1915 and was relatively restrictive. 1915 Wis. Laws, ch. 461,

3

§ 1. Under this law, voters (who, at that time, and with some exceptions, did not legally include women)[3] could qualify to cast an absentee ballot only if they were planning on being absent from the county on election day because of "the nature of [their] business." *Id.* The 1915 law also required the absentee voter to mark the ballot, fold and place the ballot in an envelope, and sign an "affidavit" on the ballot envelope before a notary public. *Id.* The notary was required to sign a separate affidavit on the ballot envelope, which did not require the notary's address. *Id.*[4]

¶5 Over time, the legislature transformed absentee voting into a broadly available method of casting a ballot in an election. By the end of the twentieth century, absentee voting was available to any voter who was unable to appear at the polling place on election day because of military service, age, sickness, handicap, physical disability, jury duty, service as an election official, or religious reasons. WIS. STAT. § 6.85 (1997-98). Requiring specific reasons for a voter to cast an absentee ballot was eventually eliminated altogether. Today, absentee voting is available to "any otherwise qualified [voter] who for any reason is unable or unwilling to appear at the polling place in his or her ward." Sec. 6.85 (2021-22); *see also* 1999 Wis. Act 182, § 90m. Absentee voting has become such a

---

[3] Prior to the ratification of the 19th Amendment in 1920, women in Wisconsin were almost entirely legally disenfranchised, with the exception of elections for certain school-related offices and issues. Theodora W. Youmans, *How Wisconsin Women Won the Ballot*, WIS. MAG. HIST., Sept. 1921 at 4, 17.

[4] Specifically, the law required the voter to sign the affidavit in front of "an officer authorized by law to administer oaths." 1915 Wis. Laws, ch. 461, § 1. Wisconsin courts have interpreted this provision as referring to a notary public. *See, e.g.*, **Lanser v. Koconis**, 62 Wis. 2d 86, 94, 214 N.W.2d 425 (1974).

4

broad privilege that the legislature's authority to allow absentee voting is provided for in the Wisconsin Constitution. WIS. CONST. art. III, § 2.[5]

¶6      As the legislature has expanded the permissible reasons for absentee voting, it has simultaneously eased the procedural requirements in the absentee voting process. For example, many of the absentee ballot witness requirements from the 1915 law were relaxed in 1966 as part of a major overhaul of Wisconsin's voting laws. 1965 Wis. Laws, ch. 666, § 1. Under the newly-created WIS. STAT. § 6.87 (1967-68), instead of voters being required to have the ballot envelope notarized, voters were given the additional option of marking the ballot, folding and placing the ballot in the envelope, and signing a "certificate" on the ballot envelope before two witnesses. Sec. 6.87(2), (4) (1967-68). These witnesses were required to be "qualified [voters] of the state of Wisconsin," and each witness was required to write their "name" and "address" on the ballot envelope certificate. Sec. 6.87(2) (1967-68). What constituted a witness "address" was undefined. Eventually, the notary option was eliminated entirely, and the number of required witnesses was reduced to one. 1999 Wis. Act 182, §§ 95P, 98P. The law was also amended to allow any adult U.S. citizen to serve as a witness. 2005 Wis. Act 451, §§ 79, 83.[6]

¶7      In addition to relaxing the requirements for absentee voting, the legislature enacted WIS. STAT. § 6.87(9). 1985 Wis. Act 304, § 74. This statutory

---

[5] This section of the Wisconsin Constitution, which was adopted in 1986, states that "[l]aws may be enacted … [p]roviding for absentee voting." WIS. CONST. art. III, § 2.

[6] Specifically, in 1969, the requirement that each absentee witness must be a qualified Wisconsin voter was eliminated, allowing any person to be an absentee ballot witness. 1969 Wis. Laws, ch. 419, § 5. In 2005, the law was amended to require the absentee witness to be an adult U.S. citizen. 2005 Wis. Act 451, §§ 79, 83.

provision, which is still in effect today, authorizes municipal clerks who receive an absentee ballot with "an improperly completed certificate or with no certificate" to return the ballot to the voter for correction, provided there is enough time for the voter to correct the defect before election day.  Sec. 6.87(9).

¶8     Despite the relaxation of the absentee ballot witness certificate requirements with the 1966 statutory changes and in the years since, the requirement for a witness to provide their address has not been modified.  As a result, the current version of WIS. STAT. § 6.87(2) still requires the witness to provide an "address" when completing the absentee ballot certificate, and the word "address" in this context remains undefined in the statutes and prior case law.

## II.  Procedural History

¶9     The litigation in this appeal traces its roots to the enactment of WIS. STAT. § 6.87(6d) in March 2016.  *See* 2015 Wis. Act 261, § 78.  In the absentee ballot context, this statute provides:  "If a certificate is missing the address of a witness, the ballot may not be counted."  Sec. 6.87(6d).  There is no evidence in the record that, prior to the enactment of this provision, any absentee ballots were disqualified based on the insufficiency of a witness's address.

¶10     In October 2016, a few months after the enactment of WIS. STAT. § 6.87(6d), the Wisconsin Elections Commission ("the Commission") issued a non-binding guidance document to help municipal clerks apply this new statute (the "2016 guidance document").[7]  The guidance document provided that, for the

---

[7] Pursuant to WIS. STAT. § 227.112(3), "[a] guidance document does not have the force of law and does not provide the authority for implementing or enforcing a standard, requirement, or threshold."

purposes of the absentee ballot witness address certificate, a "complete address" contains three components: a street number, street name, and name of municipality. The guidance document instructed municipal clerks to "take corrective actions in an attempt to remedy a witness address [insufficiency]." Accordingly, clerks who were "reasonably able to discern any missing [witness address] information from [extrinsic] sources [were] not required to contact the voter before making that correction directly to the absentee certificate envelope." If municipal clerks "were not able to remedy the address insufficiency from extrinsic sources," they could contact the voter and notify them of the address insufficiency and that the ballot would not be counted unless the insufficiency was remedied. Four years later, in October 2020, the Commission issued another guidance document titled "Spoiling Absentee Ballot Guidance." Although this guidance document is not in the record, neither party in this appeal disputes that it merely reiterated the witness address recommendations from the Commission's 2016 guidance document. Both guidance documents remained in effect through August 2022.

¶11 In October 2022, the Waukesha County Circuit Court entered an order enjoining the 2016 and 2020 guidance documents and prohibiting the Commission from communicating information to clerks that they "have the duty or ability to modify or add information to incomplete absentee ballot certifications." *White v. WEC*, Waukesha Cnty. No. 2022CV1008 (order issued Oct. 3, 2022). The order granting final judgment states that it "applies to portions" of the Commission's 2016 and 2020 guidance documents "that contain[] or indicate[] that municipal clerks or local election officials can modify or add information to absentee ballot certifications." *Id.* However, the court's order left in place the Commission's three-component definition of a "complete address,"

stating that "[n]othing herein is intended, nor shall be construed, to enjoin [the Commission] from issuing or distributing its guidance regarding the definition of 'address' as used in WIS. STAT. § 6.87." *Id.*

¶12    On September 14, 2022, after the Waukesha County Circuit Court made its oral ruling, but before the court entered its final order, the Commission issued a communication informing municipal clerks of the court's order ("the 2022 clerk communication"). This 2022 clerk communication explained that the Commission had withdrawn the 2016 and 2020 guidance documents as a result of the decision in *White*. The 2022 clerk communication also stated that the court's order "had not overturned the existing [Commission] definition of address contained in the now-invalidated memoranda—namely, street number, street name, and name of municipality." (Emphasis omitted.)

¶13    Shortly after the Commission issued the 2022 clerk communication, Rise, Inc. and Jason Rivera (collectively, "Rise") commenced this action by filing a complaint in the Dane County Circuit Court, naming as defendants the Commission and the municipal clerk for the City of Madison. Rise did not challenge the Waukesha County Circuit Court's order enjoining portions of the Commission's 2016 and 2020 guidance documents but, instead, sought a declaratory judgment regarding the proper definition of an absentee ballot witness's "address" under WIS. STAT. § 6.87. The Legislature subsequently intervened as a defendant.[8]

---

[8] The plaintiffs in the Waukesha County Circuit Court litigation also sought to intervene in this action, but their motion was denied. This court affirmed the denial of that motion. *Rise, Inc. v. WEC*, No. 2022AP1838, unpublished slip op. (WI App July 7, 2023).

¶14     In March 2023, Rise filed an amended complaint, adding as defendants the municipal clerks of the City of Racine and the City of Green Bay.[9] In this amended complaint, Rise sought a declaratory judgment pursuant to WIS. STAT. § 806.04 that:  (1) "[a] witness 'address' for the purposes of WIS. STAT. § 6.87(2) is 'a place where the witness may be communicated with'"; and (2) "[a]n otherwise-valid absentee ballot certificate from which a local clerk can reasonably discern where the witness may be communicated with is properly completed for purposes of … § 6.87(9)."  Rise also sought a declaratory judgment pursuant to WIS. STAT. § 227.40, arguing that the Commission's 2022 clerk communication is an invalid guidance document in that "it adopts an unlawful construction of the Witness Address Requirement and because it has caused Wisconsin municipalities to adopt inconsistent, confusing, and unlawful constructions of the Witness Address Requirement … undermin[ing] Rise's capacity to efficiently mobilize [to vote] as many students as possible and, by extension, its overall mission."

¶15     Rise, the Commission, and the Legislature each moved for summary judgment on Rise's claims.  The circuit court granted Rise's motion for summary judgment and denied the Commission's and the Legislature's motions.[10]  Most

---

[9] In October 2022, just weeks before the November 2022 general election, Rise twice moved to temporarily enjoin the Commission's three-component definition of an absentee ballot witness's "address" for the purposes of WIS. STAT. § 6.87.  The circuit court denied both motions. Rise has not appealed these rulings.

[10] Rise's action was consolidated for trial with a separate action filed by the League of Women Voters regarding the materiality provision of the federal Civil Rights Act of 1964.  *See* ***League of Women Voters of Wis. v. WEC***, Dane Cnty. No. 2022CV2472.  On the same day that the circuit court entered an order granting summary judgment for Rise, the court entered a separate order granting summary judgment for the League of Women Voters.  ***Id.*** (order issued Jan. 2, 2024).  The Legislature's appeal of the court's order in ***League of Women Voters*** is currently pending in District I of the Wisconsin Court of Appeals.  *See* ***League of Women Voters of Wis. v. WEC***, No. 2024AP166 (WI App).  We do not mention this separate dispute over the materiality provision again in this opinion because the proper definition of a witness's address is dispositive in this appeal.

importantly for the issues presented in this appeal, the court declared that an absentee ballot witness's "address" for the purposes of WIS. STAT. § 6.87 means "a place where the witness can be communicated with" and that the witness address requirement under § 6.87 is satisfied if "the face of the certificate contains sufficient information to allow a reasonable person in the community to identify a location where the witness may be communicated with."[11]

---

[11] In its final order, the court granted the following declaratory and injunctive relief:

> For the reasons stated on the record and given in the Court's January 2, 2024, Decision and Order …, the Court hereby:
>
> 1. DECLARES that, with respect to a witness's address on an absentee ballot certificate, the term "address" in WIS. STAT. § 6.87(2) and (6d) means "a place where the witness may be communicated with";
>
> 2. DECLARES that WIS. STAT. § 6.87's requirement that the witness's address be included on the absentee ballot certificate does not require that any particular components or information be included, but only that the face of the certificate contains sufficient information to allow a reasonable person in the community to identify a location where the witness may be communicated with;
>
> 3. DECLARES that an absentee ballot certificate is not "improperly completed" under WIS. STAT. § 6.87(9), based on a witness's address, so long as the face of the certificate contains sufficient information to allow a reasonable person in the community to identify a location where the witness may be communicated with;
>
> 4. DECLARES that WIS. STAT. § 6.87 does not authorize the rejection of, return for cure of, or refusal to count an absentee ballot based on a witness's address, if the face of the certificate contains sufficient information to allow a reasonable person in the community to identify a location where the witness may be communicated with;

(continued)

10

The Legislature appeals the circuit court's declaratory judgment regarding the proper definition of an absentee ballot witness "address" for WIS. STAT. § 6.87

5. DECLARES that the Wisconsin Elections Commission's September 14, 2022, Memorandum entitled "Temporary Injunction on WEC Guidance re Missing Absentee Witness Address,"… is invalid and contrary to law to the extent that it adopts a different definition of "address" for purposes of the witness address requirement than the definition adopted in this Order;

6. ORDERS Defendant the Wisconsin Elections Commission, by February 9, 2024, to rescind the Memorandum entitled "Temporary Injunction on WEC Guidance re Missing Absentee Witness Address," … or to revise and reissue the memorandum consistent with this Order;

7. ORDERS Defendant the Wisconsin Elections Commission, by February 9, 2024, to promptly advise all municipal and county election officials of this Court's Order;

8. ENJOINS Defendant the Wisconsin Elections Commission from promulgating rules, guidance documents, or other materials inconsistent with this Order, or from otherwise taking any action inconsistent with this Order; and

9. ENJOINS Defendants Maribeth Witzel-Behl, Tara McMenamin, and Celestine Jeffreys from rejecting or returning for cure any absentee ballot based on a witness's address, if the face of the certificate contains sufficient information to allow a reasonable person in the community to identify a location where the witness may be communicated with.

10. Provided, however, that nothing in this Order shall require Defendant the Wisconsin Elections Commission to modify the printed text of the absentee ballot certificate as the Wisconsin Elections Commission approved it at its December 19, 2023, meeting, so long as Defendant the Wisconsin Elections Commission advises municipal and county election officials of this Court's Order and of their obligation not to reject, return for cure, or refuse to count any absentee ballot based on a witness's address, if the face of the certificate contains sufficient information to allow a reasonable person in the community to identify a location where the witness may be communicated with.

purposes.[12]  Neither the Commission nor any of the defendant clerks for the cities of Madison, Racine, and Green Bay have filed a brief in this appeal.

## DISCUSSION

### I.  Governing Principles and Standard of Review

#### A.  Declaratory Relief

¶16    As noted, Rise sought declaratory relief pursuant to WIS. STAT. § 806.04 (Wisconsin's Uniform Declaratory Judgments Act) regarding the proper definition of "address" for the purposes of the absentee ballot witness certificate requirement under WIS. STAT. § 6.87.  Under § 806.04, courts have the authority to "declare rights, status, and other legal relations," including the construction or validity of a statute.  Sec. 806.04(1), (2).  Courts also have the authority to grant "[f]urther relief based on a declaratory judgment or decree," including injunctive relief, "whenever necessary or proper."  Sec. 806.04(8); *Lewis v. Young*, 162 Wis. 2d 574, 581, 470 N.W.2d 328 (Ct. App. 1991) ("Injunctive relief may be granted in aid of a declaratory judgment.").  Additionally, Rise sought declaratory relief pursuant to WIS. STAT. § 227.40 regarding the validity of the Commission's 2022 clerk communication.[13]  An action for declaratory judgment under § 227.40

---

[12]    After the circuit court issued its order, the Legislature moved for a stay pending appeal in both the circuit court and this court, and the motions were denied by each court.

[13]    WISCONSIN STAT. § 227.40(1) provides, in pertinent part:

(continued)

12

is governed by the same principles as other actions for declaratory relief under § 806.04. *State ex rel. Hensley v. Endicott*, 2001 WI 105, ¶20, 245 Wis. 2d 607, 629 N.W.2d 686.

¶17 A court's decision to grant declaratory relief is a discretionary decision. *Olson v. Town of Cottage Grove*, 2008 WI 51, ¶35, 309 Wis. 2d 365, 749 N.W.2d 211. We will uphold a court's discretionary decision if the court "examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Id.*, ¶35 (citation omitted).

¶18 Here, the Legislature's appeal focuses solely on the statutory meaning of an absentee ballot witness's "address" as referenced in WIS. STAT. § 6.87, which, as discussed in more detail below, presents a question of law that we review de novo. *State ex rel. Krueger v. Appleton Area Sch. Dist. Bd. of Educ.*, 2017 WI 70, ¶20, 376 Wis. 2d 239, 898 N.W.2d 35. We therefore review the court's declaratory judgment and attendant injunctive relief de novo. *Id.* ("When a circuit court's ruling on motions for declaratory judgment depends on questions of law, we review the ruling de novo." (citation omitted)).

---

> [T]he exclusive means of judicial review of the validity of a … guidance document shall be an action for declaratory judgment as to the validity of the … guidance document …. The court shall render a declaratory judgment in the action only when it appears from the complaint and supporting evidence that the … guidance document or its threatened application interferes with or impairs, or threatens to interfere with or impair, the legal rights and privileges of the plaintiff.

The parties do not dispute that the 2022 clerk communication qualifies as a "guidance document" as that term is used in § 227.40(1).

¶19    We also observe that the circuit court's decision granting declaratory and injunctive relief was premised on a grant of Rise's motion for summary judgment. Summary judgment shall be awarded if "there is no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). Summary judgment is an appropriate mechanism for granting or denying declaratory relief. *Olson*, 309 Wis. 2d 365, ¶¶33-34. We review a court's summary judgment decision de novo. *Id.*, ¶34. Here, there are no disputed facts, so the sole issues on appeal are whether Rise is entitled to a declaratory judgment as a matter of law regarding the definition of an absentee ballot witness's address under WIS. STAT. § 6.87 and, if so, the proper standard for applying that definition.

## B. Statutory Interpretation

¶20    As noted above, the legal dispute in this appeal concerns the proper definition of an absentee ballot witness's "address" under WIS. STAT. § 6.87, which is undefined in statutes and case law. "The purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *Heritage Farms, Inc. v. Markel Ins. Co.*, 2012 WI 26, ¶26, 339 Wis. 2d 125, 810 N.W.2d 465 (quoting *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110). We begin our analysis by examining the language of the statute itself because we assume that legislative intent is expressed in the statutory language. *Id.* We give statutory language "its common, ordinary, and accepted meaning," and, given that the term "address" in the context of an absentee ballot witness is not defined by statute, we may consult a dictionary to assist in determining a statute's meaning. *Kalal*, 271 Wis. 2d 633, ¶45; *New Richmond News v. City of New Richmond*, 2016 WI App 43, ¶41, 370 Wis. 2d 75, 881 N.W.2d 339.

14

¶21   In addition to the text of a statute, our statutory interpretation analysis may include considering a statute's context and structure, purpose, and statutory history, as long as these elements "are ascertainable from the text and structure of the statute itself, rather than extrinsic sources, such as legislative history." *Kalal*, 271 Wis. 2d 233, ¶48.  Statutory language is interpreted "not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46.   Further, the meaning of a statute "cannot contravene a textually or contextually manifest statutory purpose." *Id.*, ¶49.  Finally, "[b]y analyzing the [statutory] changes the legislature has made over the course of several years, we may be assisted in arriving at the meaning of a statute." *Richards v. Badger Mut. Ins. Co.*, 2008 WI 52, ¶22, 309 Wis. 2d 541, 749 N.W.2d 581.

¶22   If a statute's language, context and structure, purpose, and statutory history yield a "plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning." *Kalal*, 271 Wis. 2d 633, ¶46 (citation omitted).  By contrast, if this interpretive process "reasonably" gives rise to different meanings of the statute, we may consult extrinsic evidence and other interpretive resources outside the statutory text to help determine the meaning of the statutory language. *Id.*, ¶¶47, 50.

## II.  Meaning of "Address"

¶23   The first issue before us concerns the meaning of the word "address" in the context of the absentee ballot witness requirements in WIS. STAT. § 6.87. Subsection 6.87(2) provides that the witness certificate "shall be in substantially the following form":

The witness shall execute the following:

15

> I, the undersigned witness, subject to the penalties of [WIS. STAT. §] 12.60(1)(b) … for false statements, certify that I am an adult U.S. citizen and that the above statements are true and the voting procedure was executed as there stated. I am not a candidate for any office on the enclosed ballot (except in the case of an incumbent municipal clerk). I did not solicit or advise the [voter] to vote for or against any candidate or measure.
>
> … (Printed name)
>
> … (Address)
>
> Signed …

Sec. 6.87(2) (last three ellipses in original; statutory footnotes omitted). The witness's address is mentioned again in subsection (6d), which states: "If a certificate is missing the address of a witness, the ballot may not be counted." Sec. 6.87(6d). Finally, the definition of the absentee ballot witness's address at least implicitly comes into play in subsection (9), which provides: "If a municipal clerk receives an absentee ballot with an improperly completed certificate or with no certificate, the clerk may return the ballot to the [voter] … whenever time permits the [voter] to correct the defect and return the ballot within the period authorized under sub. (6)." Sec. 6.87(9). If the municipal clerk determines that the certificate is properly completed, there are no statutory requirements that the clerk take further actions with respect to the certificate, such as taking steps to verify the witness's address.

¶24 As noted above, the circuit court determined here, as a matter of first impression, that the witness's "address" for the purposes of WIS. STAT. § 6.87 means "a place where the witness can be communicated with." On appeal, the Legislature asserts that the court's definition should be rejected, arguing that it is incorrect and not administrable. The Legislature argues that, if this court decides

16

to articulate a definition of "address" under § 6.87, it is "best understood as a witness'[s] street number, street name, and municipality."

¶25  For the following reasons, we conclude that the court properly interpreted the meaning of the word "address" in the context of an absentee ballot witness as used in WIS. STAT. § 6.87.

## A. Statutory Language & Dictionary Definitions

¶26  As stated above, the word "address" as required in the absentee ballot witness certificate is not defined in WIS. STAT. § 6.87 or elsewhere in the statutes governing elections, WIS. STAT. chs. 5 to 12.  "When a statutory term is undefined, its ordinary and accepted meaning can be established by reference to a recognized dictionary."  *New Richmond News*, 370 Wis. 2d 75, ¶41.

¶27  Each party on appeal proposes a different dictionary definition in support of their preferred statutory definition of "address."  Rise argues in support of the circuit court's adopted definition of "address" by referring to the following definition of "address" in the Merriam-Webster Dictionary:  "a place where a person or organization may be communicated with."  *Address*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/address (last accessed July 8, 2024).  A similar meaning of the word "address" is adopted by other recognized dictionaries.  *See, e.g.*, *Address*, THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE, https://ahdictionary.com/word/search.html?q=address (last accessed July 8, 2024) ("The location at which a particular organization or person may be found or reached.").

¶28  In contrast, the Legislature argues that, should this court adopt a definition of "address" at all, an address is "best understood" to include three

components consisting of a street number, street name, and municipality, as the Commission has set forth in the 2022 clerk communication. In support of this definition, the Legislature cites to a definition of "address" from the Oxford English Dictionary that pertains to the directions for the traditional delivery of mail by postal service letter carriers: "The particulars of the place where a person lives or an organization is situated, typically consisting of a number, street name, the name of a town or district, and often a postal code; these particulars considered as a location where a person or organization can be contacted by post." *Address*, OXFORD ENGLISH DICTIONARY, https://www.oed.com/dictionary/address_n?tab=meaning_and_use (last accessed July 8, 2024).[14]

¶29    If we were to read WIS. STAT. § 6.87(2) in isolation with respect to the required absentee witness's address, these two reasonable definitions of the word "address" would render that word ambiguous. *See Kalal*, 271 Wis. 2d 633, ¶47. But, as set forth above, we may consider context and structure, purpose, and statutory history to determine statutory meaning as long as these considerations are discernible from the text and structure of the statute itself and not from the consultation of extrinsic sources. *Id.*, ¶¶48, 49.

---

[14] The Legislature asserts that "the Oxford English Dictionary is the better-regarded source for the ordinary-meaning inquiry" than other dictionaries because the Oxford English Dictionary's own website proclaims that it "is widely regarded as the accepted authority on the English language." We reject the Legislature's suggestion that the Oxford English Dictionary is inherently superior to other dictionaries. Wisconsin courts routinely reference other dictionaries to ascertain the ordinary meaning of a statute, including both the Merriam-Webster Dictionary and the American Heritage Dictionary. *See, e.g.*, *Noffke ex rel. Swenson v. Bakke*, 2009 WI 10, ¶19, 315 Wis. 2d 350, 760 N.W.2d 156 ("*The American Heritage Dictionary* is frequently relied upon by courts."); *State v. Kizer*, 2022 WI 58, ¶13, 403 Wis. 2d 142, 976 N.W.2d 356 (relying on Merriam-Webster's Collegiate Dictionary).

## B. Context and Structure

¶30    If there is more than one reasonably applicable dictionary definition for a statutory term, "the applicable definition depends upon the context in which the word is used." *Pierce v. American Fam. Mut. Ins. Co.*, 2007 WI App 152, ¶11, 303 Wis. 2d 726, 736 N.W.2d 247 (quoting *Kalal*, 271 Wis. 2d 633, ¶49). Indeed, statutory language is interpreted "not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Kalal*, 271 Wis. 2d 633, ¶46. Where possible, we must interpret statutory language to give reasonable effect to every word so as to avoid surplusage. *Id.*

¶31    The absentee ballot witness certificate that is required by WIS. STAT. § 6.87(2) is but one of many instances in Wisconsin's election laws when an individual is required to provide an address. Unlike § 6.87(2) and (6d), however, many of these other statutes contain language modifying the term "address" to indicate the requirement of particular information or a certain type of address, such as a residential address with particular components or a post office address. Consider the following examples, which are closely related to § 6.87(2) and (6d) because they appear in the same statute or chapter as § 6.87:

- WISCONSIN STAT. § 6.87(2)—the same statute that requires a witness address on the absentee ballot certificate—requires the municipal clerk to place an absentee voter's ballot in an unsealed envelope that has "the name, official title and *post-office address* of the clerk upon its face." Sec. 6.87(2) (emphasis added).

- WISCONSIN STAT. § 6.34 requires certain voters who register to vote to provide an "identifying document" that establishes proof of

residence. Sec. 6.34(2). The identifying document must contain a "current and complete residential address, including a numbered street address, if any, and the name of a municipality." Sec. 6.34(3)(b)2.

- WISCONSIN STAT. § 6.15 permits individuals who have not been residents of Wisconsin for the requisite number of days, but are otherwise eligible to vote, to cast ballots in certain elections. Sec. 6.15(1). To do so, the individual must sign an affidavit and provide their "P.O. Address," or post office address. Sec. 6.15(2)(a).

- WISCONSIN STAT. § 6.18 provides that qualified voters who have moved from Wisconsin to other states and are not eligible to vote in the other states may cast absentee ballots in certain elections in their prior Wisconsin wards. Sec. 6.18. To do so, the voter must sign an application form and provide their "Address," which is defined in the statute as the voter's "Present address," "City," and "State." Sec. 6.18.

¶32 Although not in the same chapter as WIS. STAT. § 6.87, the following portions of WIS. STAT. §§ 8.10 and 8.15 appear in the suite of election-related statutes in WIS. STAT. chs. 5 to 12 and specifically reference address requirements in the context of candidate nomination papers:

- Candidates seeking election for certain offices must file nomination papers that include the candidate's "street address" and "mailing address." WIS. STAT. §§ 8.10(2)(b)-(c), 8.15(5)(a)-(b).

- Signers of candidates' nomination papers must list their "municipality of residence for voting purposes" and "the street and number, if any, on which the signer resides." WIS. STAT. §§ 8.10(4)(b), 8.15(2).

- Circulators of candidate nomination papers must provide a certification including their "residence with street and number, if any." WIS. STAT. §§ 8.10(3), 8.15(4)(a).

¶33 When interpreting statutes, we generally presume that, when the same word is used several times in a statute, that word has the same meaning every time it is used. *DWD v. LIRC*, 2018 WI 77, ¶20, 382 Wis. 2d 611, 914 N.W.2d 625. On the other hand, when a statute uses similar but different words, we may presume that those words have different meanings. *State ex rel. DNR v. Wisconsin Ct. of Appeals, Dist. IV*, 2018 WI 25, ¶28, 380 Wis. 2d 354, 909 N.W.2d 114. Consequently, we may presume that "a material variation in terms suggests a variation in meaning." *Id.* Taken together, these principles form the canon of statutory construction known as the "Presumption of Consistent Usage." *Estate of Miller v. Storey*, 2017 WI 99, ¶35 & n.14, 378 Wis. 2d 358, 903 N.W.2d 759 (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 170 (2012)).

¶34 In the present case, the use of the word "address" in reference to an absentee ballot witness in WIS. STAT. § 6.87(2) and (6d) without any modifiers or further definition stands in "stark contrast" to the other statutory references to "address" set forth in the same section, chapter, or suite of closely-related election

statutes in WIS. STAT. chs. 5 to 12. *See **Trump v. Biden***, 2020 WI 91, ¶49, 394 Wis. 2d 629, 951 N.W.2d 568 (Hagedorn, J., concurring).[15] Unlike § 6.87(2) and (6d), the language in these other subsections or statutes either modify the word "address" in some way (such as the modifiers "post-office," "mailing," or "residential") or require an address with specific components (such as "street and number" or "city"). This variation in the use of the word "address" throughout the election statutes—especially with respect to other language in the same subsection and other statutes that were enacted at the same time as § 6.87(2)—shows that the legislature knows how to require more specificity when requiring an individual to provide an address in the election context.[16] Indeed, the legislature could have required such specificity for the absentee witness address requirement when it initially adopted the witness address requirement in 1966 or in subsequent modifications of the absentee voting statutes, such as in the 2016 enactment of § 6.87(6d) prohibiting the counting of an absentee ballot when a witness's address

---

[15] The Legislature asserts that Justice Hagedorn's concurrence in ***Trump v. Biden***, 2020 WI 91, 394 Wis. 2d 629, 951 N.W.2d 568, "accepted as a fundamental premise that the definition [of a witness's 'address'] comprises *particular components*." The Legislature misunderstands Justice Hagedorn's concurrence. The concurrence acknowledges that, "[a]lthough WIS. STAT. § 6.87(6d) requires an address, § 6.87(2) and (6d) are silent on precisely what makes an address sufficient. This is in stark contrast to other provisions of the election statutes that are more specific." ***Trump***, 394 Wis. 2d 629, ¶49 (Hagedorn, J., concurring). Although Justice Hagedorn pondered whether a witness "address" for the purposes of § 6.87 would require a municipality, state, or zip code, he explicitly stated that he was not reaching the question of whether a witness "address" requires such components. *Id.*, ¶51 ("The parties did not present comprehensive arguments regarding which components of an address are necessary under the statute. It would not be wise to fully address that question now.").

[16] As noted above, the witness address requirement was created in 1966, when the legislature created WIS. STAT. § 6.87(2). 1965 Wis. Laws, ch. 666, § 1. In that same act, the legislature also created the "post-office address" requirement under § 6.87(2), the "P.O. Address" requirement under WIS. STAT. § 6.15(2)(a), the component-based definition of "address" ("Present Address," "City," and "State") under WIS. STAT. § 6.18, and the "residence with street and number" requirement under WIS. STAT. § 8.15(4)(a). 1965 Wis. Laws, ch. 666, § 1.

is "missing." *See Milwaukee J. Sentinel v. City of Milwaukee*, 2012 WI 65, ¶36, 341 Wis. 2d 607, 815 N.W.2d 367 ("[I]f the legislature had intended to accomplish what a party is urging on the court …, the legislature knew how to draft that language and could have done so had it wished."). Hence, because § 6.87(2) and (6d) do not include any modifiers or specifications on the word "address," we presume that the witness is not required to provide a particular type of address or any particular address components to satisfy the witness's certification function.

¶35 In fact, the legislature not only has shown that it is capable of requiring more specificity for an absentee ballot witness address, but it even tried unsuccessfully to accomplish the result the Legislature seeks here regarding the definition of a witness's address. In 2021, the legislature passed a revision to the language of WIS. STAT. § 6.87(6d) that would have required an absentee ballot witness's address to include the witness's "house or apartment number," "street name," and "municipality." 2021 S.B. 935, §§ 2-3. However, the bill containing this language was vetoed by the Governor and accordingly never became law. *See Priorities USA v. WEC*, 2024 WI 32, ¶¶23-24, ___ Wis. 2d ___, ___ N.W.3d ___ (reasoning that the legislature's attempt to amend a statutory provision to require delivery of an absentee ballot to a specific location is evidence of the legislature's ability to change the meaning of that provision). This occurrence additionally supports the conclusion, when considered in context, that no particular address components are required to satisfy the absentee ballot witness address requirement.

¶36 On a related point, the Legislature's argument is further undermined by the canon against surplusage. That is, interpreting WIS. STAT. § 6.87(2) as requiring that a witness provide specific address components in order to comply

with the statutory witness certificate requirement runs afoul of the canon that, when possible, courts should give reasonable effect to every word so as to avoid surplusage. *Kalal*, 271 Wis. 2d 633, ¶46. Interpreting the word "address" as requiring specific components across all election statutes would cause needless redundancy. *See id.* (statutory language must be interpreted "not in isolation but as part of a whole"); *DWD*, 382 Wis. 2d 611, ¶20 (when the same word is used several times in a statute, we generally presume that the word has the same meaning every time it is used). If the legislature had intended the word "address" in the election statutes to be universally defined as consisting of component parts, such as a street number, street name, and municipality, then it would not have needed to delineate any components in the statutes that we have summarized above. Although the canon against surplusage is not necessarily dispositive in any given circumstance, *Milwaukee Dist. Council 48 v. Milwaukee County*, 2019 WI 24, ¶17 n.10, 385 Wis. 2d 748, 924 N.W.2d 153, here it serves to undermine the Legislature's argument.

¶37 Our reasoning is consistent with persuasive, analogous reasoning by appellate courts in other jurisdictions addressing issues that bear some similarities to the situation here. Notable is a case in which the Arizona Supreme Court interpreted a statute that required circulators who gather petition signatures for statewide initiative and referendum measures to provide their "residence address" when registering for the position of circulator. *Leibsohn v. Hobbs*, 517 P.3d 45, 48 (Ariz. 2022). The court was asked whether this statute requires circulators to provide a unit number if they live in multi-unit housing as part of their "residence address." *Id.* The court held that the statute did not require a unit number and concluded that a "residence address" requires "sufficient information to describe where a circulator lives and can be found to communicate with." *Id.* at 49. In

reaching this conclusion, the court cited the same definition of "address" from the Merriam-Webster Dictionary as the circuit court did in the present case. *Id.* The court also contrasted the "residence address" requirement against other Arizona election statutes that require a mailing address (and therefore require a unit number when applicable), reasoning that "the legislature knows how to specify when an address requires a unit number, and it did not do so [here]." *Id.*[17]

¶38 Here, there is even less specificity in the Wisconsin statute than in the Arizona statute—not even a residential address is specified for absentee ballot witnesses under WIS. STAT. § 6.87. Like the Arizona legislature, the Wisconsin legislature knew how to specify what type and particulars were statutorily required to constitute an absentee ballot witness's address under § 6.87(2) and did not so specify. "We decline to read into the statute words the legislature did not see fit to write." *Dawson v. Town of Jackson*, 2011 WI 77, ¶42, 336 Wis. 2d 318, 801 N.W.2d 316. Consequently, the context of § 6.87(2) and (6d), including closely related statutes, supports Rise's position that the legislature did not intend for the proper definition of "address" to require specific components, such as those specifically reflected in other electoral statutes and those the legislature recently attempted to amend into § 6.87(6d).

---

[17] In a similar vein, other courts have also adopted interpretations of the word "address" in non-election contexts that match our interpretation here. *See, e.g.*, *Home Improvement, Inc. v. Villar*, 2022 COA 129, 524 P.3d 329, 333-34 (when a rule of civil procedure required service to "the address, or last known address" of a person, the Colorado Court of Appeals adopted the Merriam-Webster definition of "address" as "a place where a person or organization may be communicated with"); *Case of Pillman*, 866 N.E.2d 990, 994-95 (Mass. App. Ct. 2007) (when a statute required that insurance companies canceling a policy send a notice of cancellation to the insured's "last address as shown by the company's records," the Appeals Court of Massachusetts adopted the Merriam-Webster definition of "address" as "a place where a person or organization may be communicated with").

## C. Statutory Purpose

¶39    A statute's purpose is also relevant to determining its meaning because the meaning of the statute "cannot contravene a textually or contextually manifest statutory purpose."  **Kalal**, 271 Wis. 2d 633, ¶49.  Further, we must construe statutory language reasonably.  **State v. Ziegler**, 2012 WI 73, ¶43, 342 Wis. 2d 256, 816 N.W.2d 238.  An unreasonable interpretation is one that yields absurd results or contravenes the statute's manifest purpose.  **Id.**

¶40    Although the absentee voting statutes do not explicitly state the purpose of the absentee ballot witness address requirement, its purpose is apparent from four contextual sources.

### 1.  Explicit Legislative Policy

¶41    First, the election statutes contain the following statement of "[l]egislative policy" regarding absentee voting generally:

> The legislature finds that voting is a constitutional right, the vigorous exercise of which should be strongly encouraged.  In contrast, voting by absentee ballot is a privilege exercised wholly outside the traditional safeguards of the polling place.  The legislature finds that the privilege of voting by absentee ballot must be carefully regulated to prevent the potential for fraud or abuse; to prevent overzealous solicitation of absent [voters] who may prefer not to participate in an election; to prevent undue influence on an absent [voter] to vote for or against a candidate or to cast a particular vote in a referendum; or other similar abuses.

WIS. STAT. § 6.84(1).

¶42    Our supreme court has recently stated that WIS. STAT. § 6.84(1) "is merely a declaration of legislative policy setting forth that 'absentee balloting must be carefully regulated'" and that "nothing in subsec. (1) provides any rule of

interpretation applying to the statutes that follow." ***Priorities USA***, 2024 WI 32, ¶32. Although § 6.84(1) does not tell us how to interpret the absentee ballot witness address requirement under WIS. STAT. § 6.87(2), this statement of legislative policy is still useful to our analysis because it sheds light on the purpose of the address requirement. *See **Kalal***, 271 Wis. 2d 233, ¶49 (when a statute contains an explicit statement of legislative purpose, we may consider it when ascertaining the statute's plain meaning).

¶43 Given the legislature's expressed concern about the risks of casting an absentee ballot "outside the traditional safeguards of the polling place," it is reasonable to infer that the absentee ballot witness certificate is one of the "regulat[ions]" recognized by the legislature in WIS. STAT. § 6.84(1) that serves the purpose of preventing the potential for fraud, overzealous solicitation of voters, undue influence, and "other similar abuses." *See **Priorities USA***, 2024 WI 32, ¶32 (noting that WIS. STAT. § 6.87 is one of the statutes that "carefully regulate[s]" absentee voting); ***Liebert v. Millis***, ___ F.Supp.3d ___, *1, 2024 WL 2078216 (W.D. Wis. May 9, 2024) (observing that the absentee ballot witness requirement is "one reasonable way for the state to try to deter abuses such as fraud and undue influence in a setting where election officials cannot monitor the preparation of a ballot"). It follows, then, that the witness address requirement in § 6.87 serves to prevent such "abuses" by providing a means to communicate with the witness should questions or concerns arise about the absentee voter or the absentee ballot. Although the record in the present case contains no evidence that a municipal clerk has actually communicated with a witness because of these concerns from the time this requirement was adopted in 1966 until the 2016 enactment of § 6.87(6d), the parties agree that this is the purpose of the absentee ballot witness address requirement.

## 2. Mandatory Absentee Ballot Requirements

¶44    Second, the purpose of the witness address requirement can be gleaned from the mandate that the ballot cannot be counted if the witness address is missing.  *See* WIS. STAT. § 6.87(6d).

¶45    With respect to voting laws generally, statutory requirements do not require strict compliance for a ballot to be counted, as long as the will of the voter can be ascertained:  "Except as otherwise provided, [WIS. STAT.] chs. 5 to 12 shall be construed to give effect to the will of the [voters], if that can be ascertained from the proceedings, notwithstanding informality or failure to fully comply with some of their provisions."  WIS. STAT. § 5.01(1).

¶46    However, with respect to certain statutory absentee voting requirements, compliance is mandatory for the ballot to be counted:

> Notwithstanding [WIS. STAT. §] 5.01(1), with respect to matters relating to the absentee ballot process, [WIS. STAT. §§] 6.86, 6.87(3) to (7) and 9.01(1)(b)2. and 4. shall be construed as mandatory.  Ballots cast in contravention of the procedures specified in those provisions may not be counted.  Ballots counted in contravention of the procedures specified in those provisions may not be included in the certified result of any election.

WIS. STAT. § 6.84(2).  Together with § 6.84(1), discussed above, the mandatory nature of certain absentee voting requirements reflects the legislature's more "guarded attitude" with respect to the absentee ballot process conducted outside of the traditional polling place and the various regulations it therefore saw fit to require.  ***Lee v. Paulson***, 2001 WI App 19, ¶7, 241 Wis. 2d 38, 623 N.W.2d 577 (2000).

¶47     One of the statutes enumerated in the mandatory absentee voting requirements of WIS. STAT. § 6.84(2) is WIS. STAT. § 6.87(6d), which, as noted above, states: "[i]f a certificate is missing the address of a witness, the ballot may not be counted." Sec. 6.87(6d). The fact that the legislature included this subsection as one of § 6.84(2)'s mandatory subsections is further evidence that the purpose of the witness's address is to prevent abuses such as fraud and undue influence and that a "missing" witness address fails to conform to those purposes in preventing a witness from being contacted by a municipal clerk or other election official should questions arise about the absentee voter or ballot. *See Anderson v. Budzien*, 12 Wis. 2d 530, 533, 107 N.W.2d 496 (1961) ("To prevent fraud the legislature in some instances has specifically stated that there must be strict compliance with a statute or a ballot cannot be counted.").[18]

¶48     It is also noteworthy that WIS. STAT. § 6.87(2), which, to reiterate, requires that the absentee ballot include a certificate with the witness's address, is not one of the statutes included in WIS. STAT. § 6.84(2)'s mandatory absentee voting requirements that must be fulfilled to count an absentee ballot. Therefore, § 6.87(2) falls under the umbrella of WIS. STAT. § 5.01(1), which instructs that, except as specifically provided otherwise, the election statutes in WIS. STAT. chs. 5 to 12 "shall be construed to give effect to the will of the voter, if that can be ascertained from the proceedings," even when statutory election provisions are not

---

[18]  Like the statement of legislative policy under WIS. STAT. § 6.84(1), our supreme court has recently stated that the mandatory requirements set forth in § 6.84(2) provide "no principles of interpretation that give any insight into the actual meaning of the absentee balloting statutes that follow it." *Priorities USA v. WEC*, 2024 WI 32, ¶45, ___ Wis. 2d ___, ___ N.W.3d ___. We do not apply the mandatory requirements set forth in § 6.84(2) in this prohibited manner. Rather, as explained in the text, we look to the mandatory requirement that an absentee ballot "missing" a witness's address not be counted as indicating that the purpose of the witness address requirement is preventing fraud and undue influence.

fully complied with. We conclude that the legislature omitted § 6.87(2) from § 6.84(2)'s mandatory requirements for the counting of an absentee ballot for a reason. *See* **State v. Roling**, 191 Wis. 2d 754, 762, 530 N.W.2d 434 (Ct. App. 1995) ("[I]f [the] legislature, being presumptively aware of other laws it has enacted, had intended a new law not to come under purview of an existing law, it could have so provided." (citation omitted)). This omission further supports the conclusion that, as directed by § 5.01(1), the purpose of the witness address requirement is not to limit or hinder the will of the absentee voter, if ascertainable, by an adherence to a strict, component-based definition of address in order for an absentee ballot to be counted. On appeal, the Legislature fails to explain why we should conclude that the legislature intended that a "precise," three-component-based definition of "address" is the only way to address fraud and undue influence concerns while still giving effect to the ascertainable will of the absentee voter, which further undermines its position.

### 3. Statutory History

¶49 Third, the purpose of the witness address requirement can be inferred from the statutory history of Wisconsin's absentee voting laws. When there have been significant revisions to statutory language at issue, we may look to the statute's history. *DNR*, 380 Wis. 2d 354, ¶15. A statute's history is distinct from the "legislative history" of a statute, which was "never enacted" by the legislature and includes "interpretive resources outside the statutory text." **Gallego v. Wal-Mart Stores, Inc.**, 2005 WI App 244, ¶13 n.5, 288 Wis. 2d 229, 707 N.W.2d 539; *Kalal*, 271 Wis. 2d 633, ¶¶50, 52 n.9.

¶50 The statutory history reveals that the legislature has had two consistent and predominant objectives with respect to absentee voting since the

enactment of the first comprehensive absentee voting law in 1915. The first objective has been to ease limitations on the ability of voters to cast absentee ballots. For example, as referenced above, the law once required a notary to sign an affidavit on the absentee ballot envelope, 1915 Wis. Laws, ch. 461, § 1, but it now requires only that one witness sign a certificate on the envelope, WIS. STAT. § 6.87(2), (4)(b)1. The law also once required each witness to be a "qualified [voter] of the state of Wisconsin," sec. 6.87(2) (1967-68), but now requires only that each witness be an "adult U.S. citizen," sec. 6.87(4)(b)1.

¶51 The statutory history also reveals that the second objective of the absentee ballot statutes has been to retain procedural safeguards in the absentee voting process. Indeed, in every iteration of the absentee voting law, a person other than the absentee voter has been required not only to serve as a witness to the voter casting the absentee ballot and placing the ballot in the absentee voting envelope, but also in signing an affidavit or certificate attesting to such on the absentee ballot envelope. *See* 1915 Wis. Laws, ch. 461, § 1; 1965 Wis. Laws, ch. 666, § 1; WIS. STAT. § 6.87(2).

¶52 These two consistent, predominant objectives revealed in the statutory history shed light on the purpose of the witness address requirement. By allowing a voter to mark their ballot in the presence of a sole witness—whose only statutory requirement is to be a U.S. citizen—instead of a notary, we infer that the legislature intended to make absentee voting an easier and more accessible option for voters without eliminating the procedural safeguard of requiring that there be a witness to the absentee voter's casting of the ballot and signing of the certificate on the absentee ballot envelope. But while a notary could have been contacted

31

using the notary's contact information on file with the state, *see* WIS. STAT. § 140.02(6m) (requiring notaries to keep a current address on file with the state),[19] requiring a witness to provide an address on the absentee ballot certificate gives a way for municipal clerks or other election officials to communicate with the witness as a procedural safeguard to prevent fraud or undue influence in the absentee voting process. As long as such communication can be accomplished with the address information provided by the witness, the purpose of the address requirement is satisfied, without unnecessarily hindering or limiting the franchise of the absentee voter.

### 4. Voter's Certificate

¶53 Fourth, the purpose of the absentee ballot witness address requirement is apparent when the *witness* certificate requirements are compared with the *voter* certificate requirements under WIS. STAT. § 6.87(2). As discussed above, there are no statutory residency requirements imposed on an absentee ballot witness. Instead, § 6.87 requires only that the witness be a U.S. citizen and identify their "name" and "address" on the witness certificate. Sec. 6.87(2), (4)(b)1.

¶54 By contrast, Wisconsin voters must generally meet certain statutory residency requirements to cast a ballot, including that they reside in the ward or district for a consecutive 28 days before an election. WIS. STAT. § 6.02(1).[20]

---

[19] WISCONSIN STAT. § 140.02(6m)'s requirement that notaries keep a current address on file with the state was in effect at the time that the legislature created the absentee ballot witness address requirement in 1966, although the statute at that time was numbered WIS. STAT. § 137.01(6m) (1965-66).

[20] A voter must reside in Wisconsin for ten days to cast a ballot for president and vice president, and voter status is subject to other procedures. WIS. STAT. § 6.15(1) and (2).

When registering to vote, individuals must generally provide proof of residency that includes "[a] current and complete residential address, including a numbered street address, if any, and the name of a municipality." WIS. STAT. § 6.34(3)(b)2. If a voter wishes to cast an absentee ballot, the voter must attest to the following certification on the ballot envelope:

> I am a resident of the [… ward of the] (town)(village) of …, or of the … aldermanic district in the city of …, residing at … in said city, the county of …, state of Wisconsin, and am entitled to vote in the (ward)(election district) at the election to be held on ….

Sec. 6.87(2) (brackets and ellipses in original; statutory footnote omitted). It follows, then, that one purpose of the voter's absentee ballot certificate is to certify the particular details of the voter's residential address. *See Luft v. Evers*, 963 F.3d 665, 676 (7th Cir. 2020) ("Proof of residence helps assign voters to their proper districts.").

¶55 Given the differences between the absentee voter's certificate and the absentee ballot witness's certificate, it is reasonable to infer that the purpose of the witness's "address" is not the same as the purpose of the voter's required specific residence information. In other words, it is reasonable to infer that the purpose of the witness address requirement is to provide a way to communicate with the witness, rather than to verify an eligibility to vote in a particular ward or aldermanic district, which requires particular components of a voter's address as specified in § 6.87(2).

### 5. Purpose of the Witness's "Address"

¶56 As indicated by the foregoing sources of statutory purpose, one of the apparent purposes of the absentee ballot witness address requirement under

WIS. STAT. § 6.87(2) is to prevent abuses like fraud and undue influence by requiring that a witness provide an "address" so that the witness may be contacted if needed. Neither party on appeal disputes that this is the purpose of the absentee ballot witness address requirement. The other purpose, as revealed in the statutory history, is to streamline and simplify the absentee voting process. It follows that, as long as the address information provided by the witness is sufficient to enable communication with the witness, the purposes of the address requirement are fulfilled. It may be that a specific, component-based definition of "address" is generally going to be easier to apply consistently and may often provide sufficient information to communicate with the witness. At the same time, however, those components are not inherently necessary to fulfill the purposes of the witness address requirement. Nothing in the record suggests that a street number, street name, and municipality are necessary components of a witness's address, so long as the address information provided by the witness is sufficient to identify a place where the witness may be communicated with.

¶57 The Arizona Supreme Court's decision in *Leibsohn*, discussed above, employed similar reasoning in determining that the term "residence address" did not require a unit number. There, the court observed that the purpose of the "residence address" requirement is to ensure that circulators are available for court proceedings if the signatures they gathered are challenged, rather than to ensure that the circulators are able to receive mail at their residences. *Leibsohn*, 517 P.3d at 49. The court reasoned that a unit number was not necessary to fulfill this purpose because the statute designates the address of the circulator's sponsoring committee as the "service-of-process address." *Id.* at 49-50. The court noted that the statute also authorizes a subpoena to be served on the circulator personally, but reasoned that a unit number would not be necessary because a

process server "can easily contact the circulator using the circulator's listed telephone number and email address to ask for a more precise location." *Id.* at 50. Just as a unit number was not necessary to fulfill the purpose of the "residence address" requirement in *Leibsohn*, specific address components are not necessary to fulfill the purposes of the witness address requirement under WIS. STAT. § 6.87. In other words, including unit numbers in the Arizona addresses might have been more convenient in some cases, but it was not necessary.

¶58  In sum on this issue, given the text, context and structure, purpose, and statutory history of the witness address requirement under WIS. STAT. § 6.87, we conclude that the circuit court properly declared that an "address" as required by the absentee ballot witness certificate unambiguously means "a place where the witness may be communicated with."

### III.  Standard for Determining a Proper Witness Address

¶59  The second aspect of the circuit court's decision is the court's standard for applying its definition of "address."  As noted above, the court declared that the witness address requirement is satisfied if "the face of the certificate contains sufficient information to allow a reasonable person in the community to identify a location where the witness may be communicated with."[21] On appeal, the Legislature argues at length that the court's "reasonable person in the community" standard for applying its definition of "address" is not supported

---

[21] We note that the circuit court's final order declaring the definition of "address" uses the term "place" interchangeably with the term "location."  The record contains no explanation for the different use of terms, nor do the parties reference such in their briefing before the circuit court or in this appeal.  For consistency, we use the term "place" in defining and applying the definition of "address" for WIS. STAT. § 6.87 purposes.

by the statutory text and creates "unsolvable administrability concerns." We share these particular concerns. For the following reasons, we conclude that the correct standard for applying the proper definition of address for the purposes of WIS. STAT. § 6.87 is whether the face of the certificate contains sufficient information to enable a municipal clerk to reasonably identify a place where the witness may be communicated with.[22]

¶60   The first issue with the circuit court's "reasonable person in the community" standard is that this standard is not supported by the text of WIS. STAT. § 6.87. As recently recognized by our supreme court, elections in Wisconsin are highly decentralized. *Priorities USA*, 2024 WI 32, ¶27. Because municipal clerks are "primarily responsible for election administration in Wisconsin," they are statutorily tasked with a wide array of responsibilities for administering elections at the local level, including in the absentee voter context, and are afforded discretion in performing some of these tasks. *Id.*

¶61   WISCONSIN STAT. § 6.87 is one example of the municipal clerk's wide array of responsibilities in administering elections. Under this statute, when

---

[22] In Wisconsin, in cities with a population over 500,000—currently, only the City of Milwaukee—the duties of the municipal clerk are carried out by a municipal board of election commissioners. WIS. STAT. § 7.21(1); *State ex rel. Zignego v. WEC*, 2021 WI 32, ¶17, 396 Wis. 2d 391, 957 N.W.2d 208 ("[A] board of election commissioners is established in our high population cities … —at this point, only in the City of Milwaukee … —to carry out the duties otherwise accomplished by municipal … clerks everywhere else."). The fact that the duties of a "municipal clerk" may be vested in an individual or entity with a different title is reflected in the statutory definition of "municipal clerk" in the election statutes: "'Municipal clerk' means the city clerk, town clerk, village clerk and the executive director of the city election commission and their authorized representatives. Where applicable, 'municipal clerk' also includes the clerk of a school district." WIS. STAT. § 5.02(10). Accordingly, the standard for applying the definition of the witness's "address" under WIS. STAT. § 6.87 must be viewed from the perspective of the municipal clerk or, where applicable, the municipal board of election commissioners or any other individual or entity charged with executing the municipal clerk's duties specified in § 6.87.

a voter makes a proper request for an absentee ballot, the *municipal clerk* must place an official ballot in an envelope containing the required certificate and mail or deliver the ballot to the voter. Sec. 6.87(1)-(3). Once the voter has marked the ballot and the absentee ballot certificate has been properly completed, the ballot is returned to the *municipal clerk*. Sec. 6.87(4)(b)1., (6). If the ballot has "an improperly completed certificate or … no certificate," as determined by the *municipal clerk*, the *municipal clerk* may return the ballot to the voter if there is time to correct the defect. Sec. 6.87(9). Finally, the *municipal clerk* must deliver the ballot to the appropriate election officials for counting on election day. WIS. STAT. § 6.88(2).

¶62    Thus, under WIS. STAT. § 6.87, the municipal clerk is charged with delivering absentee ballots to voters and receiving completed absentee ballots. The municipal clerk is also the individual charged with determining whether the absentee ballot's certificate is "improperly completed" and communicating with the voter to correct the defect if time permits. Sec. 6.87(9). Given the municipal clerk's primary role in administering elections, including their statutory role in processing absentee ballots, reviewing the sufficiency of absentee ballot certificates, and communicating with voters, it follows that the correct standard for properly defining "address" in § 6.87 involves the perspective of each local, municipal clerk performing their duties in a reasonable manner, rather than from the perspective of a reasonable person in the community.

¶63    Another concern with the circuit court's "reasonable person in the community" standard is that it could create problems of administration. Significantly, in order to apply this standard, a municipal clerk would need to determine whether a witness's address information is sufficient to enable a "reasonable person in the community" to identify a place where the witness may

37

be communicated with. Nothing in the court's final order provides guidance as to how municipal clerks are supposed to apply the "reasonable person" standard when assessing the sufficiency of an absentee ballot witness's address information. For example, while the vast majority of witnesses presumably provide local addresses in areas generally familiar to the municipal clerk, the "reasonable person" approach would be potentially more complicated if the witness were not from Wisconsin, *see* WIS. STAT. § 6.87(4)(b)1. (the witness must be an adult U.S. citizen), in which case the clerk would need to determine what a "reasonable person in the community" would know about a particular out-of-state place.

¶64 In addition, even if a municipal clerk could feasibly determine whether a "reasonable person in the community" could identify a place where the witness may be communicated with based on the information provided on the absentee ballot certificate, the clerk would presumably need to compare that level of knowledge to the clerk's own personal knowledge of local buildings and place names. As Rise acknowledges, considering a municipal clerk's central role and duties in voter registration and election administration, *see* WIS. STAT. § 7.15 (setting forth the duties of municipal clerks), a municipal clerk likely knows more about local addresses and building locations than a "reasonable person in the community," if that phrase is taken to mean what the average person in the community knows about places in the community. In such a scenario, we believe that it would be unreasonable to require a municipal clerk to disregard the clerk's own knowledge of community places, building names, and local addresses, and instead defer to the clerk's estimate of average or typical knowledge. It would seem contrary to WIS. STAT. § 5.01(1) if the face of an absentee ballot certificate contained sufficient information to enable a municipal clerk to identify a place

where the witness may be communicated with, but the clerk was still required to conclude that the witness's certificate is "improperly completed" based on the clerk's assessment that a "reasonable person in the community" would not be able to identify a place where the witness may be communicated with. A standard that may result in the rejection of an absentee ballot that contains sufficient information for a municipal clerk, acting reasonably, to identify a place where the witness may be communicated with contravenes the purpose of the witness address requirement. *See **Kalal***, 271 Wis. 2d 633, ¶49 (the meaning of statute "cannot contravene a textually or contextually manifest statutory purpose"). Adding this layer to the witness address requirement in WIS. STAT. § 6.87(2) would not be a proper basis to invalidate the ascertainable will of the voter expressed in an otherwise properly-cast absentee ballot as set forth in § 5.01(1).

¶65 Notwithstanding our concerns about the "reasonable person in the community" standard, we conclude that the circuit court's standard for applying its definition of "address" is correct in other respects. For instance, this standard is appropriately based on the information on the "face of the certificate," not just the information on the "address" line of the certificate. Indeed, it would contravene the purpose of the witness address requirement if municipal clerks could not consider witness contact information simply because such information is not contained on the "address" line.[23] We also conclude that the court was correct to incorporate "reasonableness" into the standard for determining whether the

---

[23] For instance, a witness writing "same as the voter" or "ditto" on the witness address line provides sufficient information to enable the municipal clerk to identify a place where the witness can be communicated with, so long as sufficient address information is provided in the voter's certificate (which also appears on the face of the absentee ballot envelope) to enable a municipal clerk to make this determination.

witness address information provided in the certificate is sufficient to identify a place where the witness may be communicated with. Indeed, municipal clerks, like other government officials, are expected to perform their duties in a reasonably competent manner. *See **Barnhill v. Board of Regents of UW Sys.***, 166 Wis. 2d 395, 407, 479 N.W.2d 917 (1992) (government officials have an obligation to act as a "reasonably competent public official"). It follows that a municipal clerk must deem an absentee ballot witness address as compliant with the requirements in WIS. STAT. § 6.87 if the municipal clerk can *reasonably* identify a place where the witness may be communicated with.

¶66 In sum, given the text of WIS. STAT. § 6.87 and the challenges to administration created by the "reasonable person in the community" standard, we conclude that the determination of whether the witness address requirement is satisfied should be measured from the viewpoint of the municipal clerk, acting reasonably in the discharge of their duties. Consequently, the correct standard for applying the definition of address for the purposes of § 6.87 is whether the face of the absentee ballot witness certificate contains sufficient information to enable a municipal clerk to reasonably identify a place where the witness may be communicated with.[24]

---

[24] Although the Legislature appealed the circuit court's entire order (which is reproduced earlier in this opinion), the Legislature challenges only the circuit court's definition of "address" for the purposes of WIS. STAT. § 6.87 and the court's "reasonable person in the community" standard for applying that definition. We therefore emphasize that we neither address nor express any opinion about the other portions of the circuit court's order that were not challenged by the Legislature in this appeal.

**CONCLUSION**

¶67    For the foregoing reasons, we affirm the portion of the circuit court's order that defines an absentee ballot witness's "address" as "a place where the witness may be communicated with." However, we reverse the circuit court's order to the extent that it adopted the "reasonable person in the community" standard for applying that definition of "address." We instead conclude that the standard for applying the definition of a witness's address is whether the face of the absentee ballot witness certificate contains sufficient information to enable a municipal clerk to reasonably identify a place where the witness may be communicated with. We remand for the court to enter an amended declaratory judgment and injunction consistent with this opinion.

*By the Court.*—Affirmed in part; reversed in part and cause remanded with directions.

Recommended for publication in the official reports.